# Walter v. Graham, Appellant.

*Contracts—Oral contracts—Issue of fact—Case for jury.*

In an action of assumpsit for damages for breach of an oral contract, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue between the parties is one of fact supported solely by oral testimony and the evidence is sufficient to sustain the verdict.

The fact that the plaintiff had already secured damages from a railroad company will not estop her from prosecuting her claim against the defendant and did not constitute a waiver of her claim against the latter.

Argued December 12, 1922.   Appeal, No. 275, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, June T., 1920, No. 216, on verdict for plaintiff in the case of Grace H. Walter v. Charles Graham.   Before PORTER, HENDERSON, TREXLER, KELLER LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on oral contract to wrap and crate household goods.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $481 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*M. J. McEnery,* for appellant, cited: Pittsburgh Construction Company v. West Side Belt Railroad Company, 227 Pa. 90; Atlantic Refining Co. v. Fisher, 43 Pa. Superior Ct. 439; Lessig v. Reading Transit & Light Co., 270 Pa. 299.

*Otto Wolff, Jr.,* and with him *Lewis, Adler & Laws,* for appellee.

OPINION BY GAWTHROP, J., March 2, 1923:

This was an action of assumpsit to recover damages resulting from a breach of an oral contract, in which, as alleged by the plaintiff, the defendant undertook and agreed to wrap, pack and crate in an expert and proper manner certain household goods and furniture belonging to the plaintiff, and load them in a proper manner in a railway freight car for shipment from Philadelphia to

Brookline, Massachusetts.  The affidavit of defense denied the agreement set up by the plaintiff, and averred that the defendant's agreement was merely to wrap the goods in paper and load and brace them in the car.  The plaintiff proved the agreement alleged by her and the breach thereof and damages in excess of the amount of the verdict.  The errors assigned are, 1, the refusal to grant a new trial; 2, the refusal to enter judgment for the defendant non obstante veredicto.  There is no merit in either complaint.  The question was purely one of fact.  The evidence was sufficient to sustain the verdict and there was no abuse of discretion in discharging the motion for a new trial.  The argument for judgment non obstante veredicto is based on the contention that the plaintiff waived her claim against the defendant and estopped herself from asserting the same because she secured $70 from the railroad company on account of her damage.  The obligations of the railroad and of the defendant in connection with the shipment of goods were separate and distinct, and the question of waiver or estoppel is not involved.

The learned trial judge was fully justified in dismissing both motions.

The assignments of error are overruled, and the judgment is affirmed.